# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ENID Y. ANGLERÓ

Plaintiff,

v.

METRO PONCE, INC., d/b/a HOSPITAL
METROPOLITANO DR. PILA; et al.,

Defendants.

CIVIL NO. 25-1446 (MAJ)(HRV)

## OMNIBUS MEMORANDUM AND ORDER[1]

Pending before the Court are several motions to compel discovery filed by Plaintiff Enid Angleró (hereinafter "Plaintiff" or "Angleró"). (Docket Nos. 17, 20, 21 and 24). These motions have been duly opposed by Defendant Metro Ponce, Inc. (hereinafter "Defendant" or "Metro Ponce"). (Docket Nos. 19, 29, and 32). Metro Ponce also moves the Court for the issuance of protective orders with respect to some of the discovery sought by Plaintiff. (Docket Nos. 19 and 32). The presiding District Judge referred these motions to me for disposition. (Docket Nos. 23 and 25).

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Angleró initiated this diversity jurisdiction wrongful death suit on August 22, 2025, against Defendant Metro Ponce. The operative complaint is the "Second Amended

---

[1]   José Font-Bula, a third-year law student at the University of Puerto Rico School of Law, provided significant assistance in the research and drafting of this Order.

1

Complaint" filed by Plaintiff on December 19, 2025. (Docket No. 14). Defendant is a private hospital located in the Municipality of Ponce, Puerto Rico. Plaintiff generally alleges that the actions and omissions of Defendant's healthcare professionals breached the standard of care required by the medical community, and that such negligent conduct was the proximate cause of the untimely death of her brother, Dr. Alfonso Angleró ("Dr. Angleró"), on January 6, 2024. The Second Amended Complaint specifically avers that Metro Ponce's healthcare professionals negligently failed to drain liquid out of Dr. Angleró's chest (Id., ¶ 27); that, as a consequence, Dr. Angleró suffered a cardiac arrest (Id., ¶ 33); and that Dr. Angleró's death was a direct result of these healthcare professionals' negligent actions and omissions. (Id., ¶ 43). Based on these allegations, Angleró brings two causes of action: hospital and medical malpractice (First Cause of Action) and hospital and commercial liability (Second Cause of Action), both under the Puerto Rico Civil Code.

The discovery phase of the case was originally set to conclude by July 17, 2026.[2] Between May 28 and June 15, 2026, Plaintiff filed four motions to compel (Docket Nos. 17, 20, 21, 24, respectively), two of which (Docket Nos. 20, 24) requested urgent relief in light of the fact that depositions were scheduled for June 18 and 19, 2026. (Docket Nos. 20 at 10).[3] The motions seek orders from the court compelling Defendant to produce certain documents, as well as answer specific interrogatories. Metro Ponce opposed the

---

[2]    The conclusion of discovery deadline was recently extended by the Presiding District Judge and is set to conclude by September 30, 2026. (Docket No. 39).

[3]    The extension of the discovery deadline has mooted the urgent nature of the relief requested.

motions to compel, (Docket Nos. 19, 29, and 32) and has moved the court for the issuance of protective orders. (Docket Nos. 19 and 29). Plaintiff, in turn, filed an opposition to Defendant's request for protective orders (Docket Nos. 33 and 44), and a reply to Metro Ponce's opposition to her third motion to compel (Docket No. 38). The parties have submitted their respective replies and sur-replies. (Docket Nos. 42, 47, and 49). The presiding District Judge referred these matters to me for disposition on June 12 and June 15, 2026, respectively. (Docket Nos. 23 and 25).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 26 states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" and that information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). While "[t]he Federal Rules of Civil Procedure permit broad discovery, … 'discovery, like all matters of procedure, has ultimate and necessary boundaries.'" *Bonner v. Triple-S Management Corp.*, 68 F.4th 677, 684 (1st Cir. 2023) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1947)). Within the scope of Rule 26, a party may conduct discovery by serving another party with interrogatories or a request for documents pursuant to Rules 33 and 34, respectively. Interrogatories and requests for production of documents are directed to the parties and must be answered by the parties to whom they are directed. Fed. R. Civ. P. 33(b)(1)(A); Fed R. Civ. P. 34 (b)(2)(A).

The response to an interrogatory under Rule 33 is either: (1) an answer in writing and signed under oath by the party to whom it is directed, or (2) an objection signed by the attorney who made the objection. Fed. R. Civ. P. 33(b)(1)(3) & (5). If a party objects

3

to an interrogatory request, "[t]he grounds for objecting … must be stated with specificity." Fed. R. Civ. P. 33(b)(4). And where a response shows that "the answers as a whole disclose a conscientious endeavor to understand the questions and to answer fully those questions as are proper, the rule has been satisfied." *Sánchez-Medina, v. UNICCO Service Co., et al.*, 265 F.R.D. 24, 27 (D.P.R. 2009) (cleaned up).

In turn, under Rule 34, the responding party must produce documents that are within the party's "possession, custody or control." Fed. R. Civ. P. 34(a)(1). Once properly served, the response to a request for production of documents is generally either (1) actual production of the documents, or (2) an objection stating with specificity the grounds for objecting to the request. Fed. R. Civ. P. 34(b)(2)(B); see also *Vázquez-Fernández v. Cambridge College, Inc.*, 269 F.R.D. 150, 154 (D.P.R. 2010). Legal ownership or actual physical possession of a document is not required to deem a document within the possession, custody, or control of a party; "documents are considered to be under a party's 'control' when that party has the right, authority or ability to obtain those documents upon demand." *Id.* at 164, n. 10 (quoting *Green v. Fulton*, 157 F.R.D. 136, 142 (D. Me. 1994)).

If a party fails to "answer an interrogatory submitted under Rule 33" or "produce documents . . . as requested under Rule 34," the affected party may move for an order compelling disclosure. Fed. R. Civ. P. 37(a)(3)(B)(iii) & (iv). "Conversely, the court may issue a protective order on motion and for good cause 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Smith v. Brown Univ.*, 695 F. Supp. 3d 246, 249 (D.R.I. 2023) (quoting Fed. R. Civ. P. 26(c)). The party filing a motion to compel discovery has the initial burden of showing that the requested

discovery is relevant. *Maggi v. Grafton Cnty. Dep't of Corr.*, No. 18-cv-59-LM, 2021 WL 12147799, 2021 U.S. Dist. LEXIS 269964 at *5 (D.N.H., Nov. 9, 2021). This initial burden is not onerous. *Phillips Med. Sys. P.R., Inc. v. Alpha Biomedical & Diagnostic Corp.*, Civil No. 19-1488 (BJM), 2021 WL 150411, 2021 U.S. Dist. LEXIS 8739 at *12 (D.P.R., Jan. 15, 2021). "Once this burden is met, the party resisting production bears the burden to show that the discovery is improper." *Id.* (citing *Autoridad de Carreteras y Transportación v. Tanscore Atl., Inc.*, 319 F.R.D. 422, 427 (D.P.R. 2016)). A "mere statement by a party that the interrogatory [or request for production] ... was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection. On the contrary, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *Aponte-Navedo, et al. v. Nalco Chemical Co., et al.*, 268 F.R.D. 31, 36–38 (D.P.R. 2010) (quoting *Sánchez-Medina v. UNICCO Serv. Co.*, 265 F.R.D. at 27) (cleaned up). "[A] trial court has broad discretion in ruling on pre-trial management matters[.]" *Bonner v. Triple-S Management Corp.*, 68 F.4th at 684.

With the above-outlined principles in mind, I turn to the pending motions to compel, which I address separately.

### III.    DISCUSSION

**A.    Docket Nos. 17 and 19 - Plaintiff's First Motion to Compel and Defendant's Request for protective order**

Angleró moves the court to compel a response to her request for production of documents ("RFP") No. 1. Specifically, Plaintiff seeks an order directed at Metro Ponce to produce certified, complete, and numbered copies of audited financial statements for

the years 2023, 2024, and 2025 which are necessary for the jury to decide whether to award punitive damages, and the amount, if any. Metro Ponce opposes (Docket No. 19), arguing that, at this stage, the financial information is not relevant under Article 1538 of the Puerto Rico Civil Code,[4] which caps any additional compensation at the amount of damages caused, and does not make the defendant's wealth, solvency or ability to pay a factor in the determination of the award. (Id. at 2). Metro Ponce further contends that this request is merely a fishing expedition to probe its ability to satisfy a judgement. (Id. at 4). Metro Ponce also argues that Plaintiff's request is overbroad and disproportionate, as it covers years outside of the timeframe alleged in the Second Amended Complaint. (Id. at 9). Finally, Metro Ponce moves the court for a protective order prohibiting Plaintiff from prematurely seeking its financial information without making a prima facie showing that the punitive damages claim is viable. (Id. at 8-10). In the alternative, Defendant maintains that if any production is ultimately ordered, it should be temporally limited and confidential. (Id.) In a subsequent reply, Defendant reiterated that if the production of its financial information is to be ordered, it should be limited to the year of the incident. (Docket 42 at 10).

---

[4]    Article 1538 provides:

> Repair of damages is made in money, through specific reintegration or a combination of the above remedies, at the choice of the injured party, as long as there is no duplication of compensation.
> However, when the act or omission constitutes a crime, is carried out intentionally or with serious disregard for the life, safety and property of others, the judge may impose additional compensation that is not greater than the amount of damage caused.

P.R. Laws Ann., tit. 31, § 10803 (2020).

6

In her reply and opposition to the request for protective order (Docket No. 33), Plaintiff maintains that Defendant's request for a protective order should be denied as the financial statements requested are relevant. (Docket No. 33 at 7). Angleró also says that the request for three years of financial information is reasonable, as the 2023–2025 window brackets the conduct by capturing pre-incident baseline capacity (2023), the incident year itself (2024), and the Hospital's post-incident condition (2025), thus allowing the jury to determine Defendant's financial capacity. (Id. at 13). Plaintiff states that she is willing to proceed under a protective order restricting use and dissemination within this litigation, further addressing any confidentiality concerns without undermining access to proportionate discovery relevant to her punitive damages prayer. (Id. at 14-15).

At the outset, it should be noted that discovery is a procedural matter governed by the Federal Rules of Civil Procedure. *CEH v. FV "Seafarer"*, 153 F.R.D. 491, 497-98 (D.R.I. 1994). But federal courts sitting in diversity apply the substantive law of the state, in this case, Puerto Rico. *See Suero-Algarin v. CMT Hosp. HIMA San Pablo Caguas*, 957 F.3d 30, 39 (1st Cir. 2020) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); see *also Erie R.R. v. Tompkins*, 304 U.S. 64, 58 (1938). "Generally, district courts do not allow prejudgment discovery regarding a defendant's ability to satisfy a judgment, aside from the initial disclosures required by Rule 26(a)(1)(A)(iv)." *In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig.*, No. 13-cv-02419, 2014 U.S. Dist. LEXIS 205683, 2014 WL 12814933, at *3 (D. Mass. Feb. 7, 2014). When punitive damages are sought, however, courts have followed two approaches in deciding whether disclosure of financial information should be compelled. The majority view is that when

a plaintiff has raised a claim of punitive damages, a defendant's financial information, including its net worth, is relevant and, thus, discoverable. *See Scheinberg v. Story Terrace Inc.*, No. 24-cv-1567 (SCC), 2025 WL 3563978, 2025 U.S. Dist. LEXIS 257906, at *3 (D.P.R. Dec. 12, 2025) (collecting cases); *EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. 391, 394-95 (E.D. Cal. 2009) (noting that majority approach is that "a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial without making a prima facie showing that he is entitled to recover such damages."). A minority of jurisdictions subscribe to the view that said discovery should only be allowed when Plaintiff makes a prima facie showing that the claim of punitive damages is not spurious. *Ward v. Nesibo*, No. 22-cv-054-DN-PK, 2023 WL 3391145, 2023 U.S. Dist. LEXIS 83846, at *10 (D. Utah May 11, 2023); *see also Scheinberg v. Story Terrace Inc.*, 2025 U.S. Dist. LEXIS 257906, at *4 (discussing the approach followed by a minority of courts requiring that Plaintiff either demonstrate at least a "real possibility" that punitive damages will be at issue or make a prima facie showing that punitive damages are called for.).

After careful consideration of the arguments of the parties and the applicable law, I find no reason to deviate from the majority approach. Thus, the motion to compel at Docket No. 17 is **GRANTED**. In light of the claim for punitive damages included in the Second Amended Complaint, I find that the financial information requested is relevant and should be disclosed in advance of trial. My ruling aligns with the view of the pressing District Judge in *Colón v. Hospital Doctor's Center Bayamón, Inc.*, Civil No. 24-1355 (MAJ), Docket No. 56, where she followed the position of the majority of federal courts

that permit pretrial discovery of financial information when punitive damages are claimed.

Furthermore, I find that the temporal scope of the request (three years), is not disproportionate. To be sure, it has been held that "[a] request for non-current financial information is irrelevant to a punitive damages determination . . . [and] discovery related to financial status should be limited to net worth and the production of an annual or period balance sheet under an appropriate protective order." *EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. at 394. But here, a three-year disclosure, one year prior to the incident, the year of the incident, and one year post-incident, is reasonable and not overly broad. Most courts addressing the proper scope of financial discovery have limited such discovery to the period providing a picture of the defendant's current financial condition and net worth, usually the most recent year or two.[5]

Given my determination above, the request for a protective order at Docket No. 19 is **DENIED** to the extent it sought to block production altogether. However, the

---

[5]    *See, e.g., Vieste, LLC v. Hill Redwood Dev.*, No. C-09-04024-JSW (DMR), 2011 WL 855831, 2011 U.S. Dist. LEXIS 29137, at *11 (N.D. Cal. Mar. 9, 2011) (limiting discovery to a temporal scope of two years); *Zielke v. Vision Hosp. Group, Inc.*, 1:14-CV-362-SKL, 2015 U.S. Dist. LEXIS 175446, 2015 WL 9876950, at *3 (E.D. Tenn. Nov. 3, 2015) ("The temporal scope of the discovery appears to be proper as it is limited to Defendant's 'most recent' financial information"); *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164, 2007 U.S. Dist. LEXIS 22090, 2007 WL 950282, *14 (D. Kan. Mar. 26, 2007) (limiting discovery on financial information on issue of punitive damages to most recent reports and current financial statement); *Learjet, Inc. v. MPC Prods. Corp.*, No. 05-1074, 2007 U.S. Dist. LEXIS 58451, 2007 WL 2287836, *4 (D. Kan. Aug. 8, 2007) (limiting discovery to most recent year); *S. Cal. Hous. Rights Ctr. v. Krug*, No. 06-1420, 2006 U.S. Dist. LEXIS 65330, 2006 WL 4122148, *2 (C.D. Cal. Sept. 5, 2006) (limiting discovery to two-year period); *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 670 (S.D.Fla.2005) (same); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 654 (D.Kan.2004) (same).

9

parties are directed to enter into a confidentiality agreement governing the disclosure of the financial information at issue. [6]

**B.    Docket Nos. 20 and 24 - Second and Fourth Urgent Motions to Compel**

As both motions rely on similar arguments, and Defendant discusses them together in its opposition (Docket No. 29), I address both together in this section.

Angleró seeks to compel the production of personnel files of the following nurses and respiratory therapists in charge of Dr. Angleró at the Intensive Care Unit: Marivelisse Pagán; Juan C. Soto, José Hernández, Nidia Velasco, and Gerardo Colón (Docket No. 20 at 1); and disclosure of all documents contained in its [physician] privileges files for the following physicians: Elizabeth Dallmayr, Jorge Martínez, Cosme Santos, Eugenio Rivera, Rafael Rodríguez, Juan Vélez, Reinaldo Rodríguez, and Marcia Alayón. (Docket No. 24 at. 1). She contends that these files are relevant to her medical malpractice claim and that there is no privilege that protects the personnel files. Plaintiff also argues that Metro Ponce has waived any privilege claim by issuing a blanket and non-specific objection, and by not providing necessary substantiation when withholding documents. (Id. at 5).

In opposing these motions, Metro Ponce claims that the request is too broad and that there are serious privacy and confidentiality concerns. (Docket No. 29). In the alternative, Defendant requests the court to issue a protective order

---

[6]    The undersigned hopes that a standard confidentiality agreement will not be a controversial matter that will generate the need for court intervention.

[l]imiting discovery to the least burdensome and intrusive means available, subject to in camera or other means of controlled inspection of the specific personnel and/or privileges files, limiting production of documents strictly to those that are subject to discovery, allowing redactions to remove any personal, confidential, sensitive and/or health related information, and all [sic] dictating that all procedures be governed by a confidentiality and non-disclosure agreement, and limiting the use of all information and/or documents obtained to this litigation only.

(Id. at 9-10).

Considering the medical malpractice claims brought by Plaintiff, I find that the personnel files requested likely contain relevant information subject to discovery under Rule 26. However, the undersigned is mindful that personnel files often contain sensitive personal information as well as information that is completely unrelated and irrelevant to the claims or defenses asserted. Indeed, while personnel files are not categorically out of bounds, courts must balance the right to relevant discovery against the privacy interest of nonparties, being cautious not to disclose their entire contents willy-nilly. *Holton v. United States*, No. 22-CV-00487, 2024 WL 4893643, 2025 U.S. Dist. LEXIS 223989, at *9 (M.D. Pa., Nov. 14, 2025) (cleaned up). Thus, in weighing the relevance of the materials requested against important privacy interests, I will order disclosure of the requested information but under most of the conditions proposed by Defendant's counsel in the June 15, 2026, email to Plaintiff.

With modifications, the conditions are as follows:

(1) Prior to the inspection, the parties will enter into a confidentiality and non-disclosure agreement regarding the files and documents inspected,

11

information obtained, and those documents that are eventually produced by Metro Ponce.[7]

(2) The documents and information eventually obtained can only be used for this case and must be decommissioned (shredded/destroyed) upon the conclusion of litigation.

(3) Plaintiff's counsel will be able to view or inspect the entire file of each of the listed employees or physicians but will not be able to photograph any document or portion thereof. (Counsel will be able to take notes).

(4) Plaintiff's counsel may request copies of specific documents or sets of documents included in each file but cannot request and will not be provided with copies of documents which contain personal and/or confidential information and/or health information of each employee and/or physician.

(5) Copies of the specific documents or sets of documents requested, which do not contain personal, confidential and/or health information will be prepared and subsequently produced to plaintiff's counsel. Documents that contain both relevant and irrelevant private information may be redacted.

With respect to any quality assessment and/or peer review information Defendant deems privileged under Regulation 9184 of the Puerto Rico Department of Health, the Health Care Quality Improvement Act, and/or any other applicable local and/or federal law, rule or regulation, the undersigned finds that Defendant shall only withhold documents or information that truly falls under the recognized privilege. Relevantly, Regulation 9184 is a regulation promulgated by the Secretary of the Puerto Rico Department of Health as authorized by Puerto Rico Act No. 101 of June 26, 1965. Article 14.06 of the regulation specifically addresses the confidentiality, privacy, and security of

---

[7] The parties are encouraged to have the confidentiality agreement that they were directed to enter into in the previous section include provisions also governing the instant disclosure.

12

information gathered during evaluative processes, and designates as confidential all information collected in quality reviews, peer evaluations, risk management, and infection control. The purpose of this privilege is to protect internal processes essential to improving institutional quality. *See Pérez v. Caribbean Electrophysiology Servs. Inc.*, Civil No. 24-1531, 2025 WL 3301192, 2025 U.S. Dist. LEXIS 233167, at *27 (D.P.R. Nov. 26, 2025). But I agree with Plaintiff that the privilege only shields from disclosure the "mental impression, conclusions, opinions or theories of the members of [any] quality control [or peer review] committees that arise as part of the committees' function." *Álvarez-Torres v. Ryder Mem. Hosp. Inc.*, Civil No. 03-1041 (DRD), 2006 WL 8437222, 2006 U.S. Dist. LEXIS 114182, at *16 (D.P.R. Feb. 7, 2006). It should not be invoked to block disclosure of the existence, number and nature of disciplinary actions taken. *Id.* at *17.

The motions to compel at Docket Nos. 20 and 24, are **GRANTED in part and DENIED in part.** They are granted subject to the conditions set forth above. They are denied to the extent they requested unrestricted wholesale production of the personnel files.

**C.      Docket No. 21 - Third Motion to Compel**

Lastly, Angleró requests that the court order Metro Ponce to provide complete, substantive responses to several interrogatories and produce documents responsive to one of its RFPs. Plaintiff generally argues that the relief she seeks is warranted because Defendant has responded to these interrogatories with boilerplate objections and claiming an inapplicable work product privilege.

Metro Ponce responds that they have already complied in good faith with the Federal Rules of Civil Procedure, (Docket No. 32 at 2), and argues that what Plaintiff requests is not supplementation, but expansion of discovery beyond what Rules 26, 33, and 34 require. (Id.). Defendant also claims that Plaintiff's request is unduly burdensome and disproportionate as it seeks thirty-seven narratives that are already contained in the records they have had in their possession since 2024. (Id.).

Angleró replies that Metro Ponce's supplementation after she filed her motion to compel shows that the answers were inadequate and that, for that reason, an award of expenses including attorneys' fees is warranted. (Docket No. 38). She also argues that answers to Interrogatory Nos. 5 and 11, and to RFP 5 remain deficient. (Id.).

After carefully considering the extensive arguments of the parties, the undersigned rules as follows:

Interrogatory No. 1:[8] **Denied.** The supplemental answer to Interrogatory No. 1 and the person named therein (Maria Torres-Cintrón) is responsive and sufficient.[9]

Interrogatory No. 5:[10] **Denied.** Requesting a detailed narrative of case-related facts known by 37 individuals without regard to relevance is disproportionate to the

---

[8]     **Interrogatory # 1** - Please provide the name, address, position within or outside the Hospital, and telephone number of every person, other than your attorneys, who has assisted or helped you in any way to answer this interrogatory and identify the questions in which each person has provided assistance or help.

[9]     In her reply, Plaintiff did not address further this interrogatory. To the extent that Defendant's supplemental answer has been deemed by Plaintiff sufficient and adequate, then the motion to compel has become moot as to this issue.

[10]     **Interrogatory # 5** – Please provide a detailed narrative of the specific facts related to the case known by each person listed in HMDP, Inc.'s Rule 26 letter dated November 26, 2025.

needs of the case, overly broad and burdensome. *See, e.g., Audibert v. Lowe's Home Centers, Inc.*, 152 F. App'x 399, 401 (5th Cir. 2005) (affirming a district court order denying a motion to compel "all things, all documents, all statements, **all knowledge of facts**, sworn or unsworn, relating to this case") (emphasis added); *see also Batts v. County of Santa Clara*, No. 08-00286 JW, 2010 WL 545847, 2010 U.S. Dist. LEXIS 19327, at *13 (N.D. Cal. Feb. 11, 2010) (overruling objection to magistrate judge's order denying motion to compel answer to an interrogatory that required Defendants to state all facts of the knowledge of at least fifteen individuals characterizing the inquiry as broad and unfocused). Given my conclusion, I need not decide whether Defendant properly invokes Fed. R. Civ. P. 33(d). I would only note that it is questionable that Metro Ponce's reference to entries in the medical record satisfies the requirements of Rule 33(d). That is so because

> [a] party seeking to rely on Rule 33(d) must satisfy four criteria: (1) it must affirm that the information sought by the requesting party is in fact in the specified records; (2) it must specify the actual documents where information will be found; (3) it must show that answering the interrogatory in the conventional manner would impose a burden on it; and (4) it must show that the burden of deriving the answer from the specified records will be substantially the same for both parties.

*United States ex rel. Martino-Fleming v. S. Bay Mental Health Ctr., Inc.*, 332 F.R.D. 1, 6 (D. Mass. 2019). Metro Ponce's answer to this interrogatory fails to meet many, if not all, of these criteria.

15

Interrogatory No. 11:[11] **Granted.** Metro Ponce must answer the interrogatory categorically either in the affirmative or in the negative. A non-committal "not that we know of" does not suffice. Metro Ponce has the duty and ability to conduct a reasonable inquiry to learn the information that will allow it to answer the interrogatory. *See Braham v. Perelmuter*, No. 15CV1094(JCH), 2016 WL 1305118, 2016 U.S. Dist. LEXIS 44476, at *6 (D. Conn. Apr. 1, 2016) (explaining that while Rule 33 does require a party to provide information that is unknown or unknowable, a responding party has a duty to inquire or find the answer and failure to describe efforts to obtain the information render the response insufficient). Defendant either has investigated or plans to investigate Plaintiff and/or the people listed in her initial disclosures through third parties or it has/does not. Moreover, an interrogatory that seeks information solely about the existence of an investigation conducted by a third-party, excluding Metro Ponce's attorneys, does not call for attorney work product. In any event, Defendant has not followed the proper procedure to assert a privilege under the rules.

RFP No. 5:[12] **Denied as overly broad and speculative.** I agree with Metro Ponce that as drafted, the request forces it as responding party to speculate what is being requested and goes beyond the timeframe of this case. The RFP requests **all documents**

---

[11] **Interrogatory # 11** – Please state whether Mr. Anglero, Ms. Anglero and any of the people listed in her Rule 26 initial disclosure letter has been investigated, or will be investigated, by a private investigator or a third-party other than HMDP, Inc.'s attorneys.

[12] **Request for Production # 5** - Please provide a certified, numbered, and complete copy of all documents under your possession or control mentioning directly or indirectly Mr. Anglero, excluding the documents contained in his medical records as disclosed to us by you.

16

where Mr. Angleró is mentioned **"directly or indirectly"** and does not limit the production to the hospital admission at issue. *See Goal Zero LLC v. LCG Holdings LLC*, No. Civil No. 23-1488 (SCC) (HRV), 2026 WL 1948689, 2026 U.S. Dist. LEXIS 150016, at *32-33 (D.P.R. July 6, 2026) (denying motion to compel response to a RFP as outside the period relevant to the litigation, vague, ambiguous, and speculative.).

In any event, Metro Ponce has represented that "in an effort to being responsive, . . . [it] referred plaintiff to the documents attached as exhibits to the discovery requests, some of which mention Mr. Angleró" and that "the answer was supplemented to reflect the specific documents produced by the Hospital which mention Mr. Angleró, including his medical records, billing and payment information, and census of patients regarding his hospital admission from January 2, 2024, to January 6, 2024." (Docket No. 32 at 9). I find this supplementation to be responsive and adequate. Nevertheless, if it has not done so already, the undersigned directs Defendant to certify under the penalty of perjury that no additional responsive documents exist.

**D.   Docket No. 38 - Plaintiff's Request for an Award of Expenses and Attorneys' Fees**

I separately address Angleró's request for an award of expenses including attorneys' fees under Fed. R. Civ. P. 37(A)(5)(A). (Docket No.38).  Plaintiff contends that Metro Ponce only supplemented their answers on June 22, 2026, ten days after Plaintiff filed her motion to compel. (Id.). In opposition, Metro Ponce posits that Angleró's request for an award of expenses and attorneys' fees is an attempt to transform a discovery dispute that it tried to resolve in good faith through clarification and supplementation into a basis for sanctions. (Docket No. 49). According to Metro Ponce,

its position anent discovery was substantially justified and under the circumstances, an award of expenses and fees would be unfair.

Whenever a court grants a motion to compel discovery, the Court may award the moving party reasonable expenses associated with filing the motion, including attorney's fees, unless it can be shown that (1) the moving party filed the motion before attempting in good faith to obtain the discovery without court intervention, (2) the opposing party's failure to disclose was substantially justified, or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A); *Colón v. Blades*, 268 F.R.D. 129, 134 (D.P.R. 2010). On the other hand, if the motion to compel is granted in part and denied in part, the Court **may**, "after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (emphasis added).

Here, since I have granted in part and denied in part the motions to compel, apportioning reasonable expenses, including attorneys' fees, is discretionary. *See Bay Club members, LLC v. Selective Ins. Co. of Am.*, 2023 U.S. Dist. LEXIS 239876, at *12, 2023 WL 11868238 (D. Mass. Jan. 31, 2023) (citing *Shea v. Millett*, Civil No. 17-cv-12233-ADB, 2019 U.S. Dist. LEXIS 150990, 2019 WL 4218477, at *2 (D. Mass. Sept. 9, 2019)). My rulings reflect that both parties raised, at least as to some of the disputed discovery items, arguments and/or objections that were substantially justified. I also find that under the circumstances, ordering Defendant to pay Plaintiff expenses and attorneys' fees would be unfair. As such, each party shall bear their own expenses and fees.

## IV.   CONCLUSION

In view of the foregoing, and as outlined in detail above, the pending motions to compel are **GRANTED in part and DENIED in part**. Each side shall bear their own expenses and attorneys' fees.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 21st day of July, 2026.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE
